## Hugg's Estate.

*Wills—Probate—Revocation of letters—Register of wills—Act of June 7, 1917, P. L. 415.*

1. It is improper practice to petition the Orphans' Court to revoke letters of administration granted by the register of wills.

2. The proper practice is to apply to the register to revoke and to appeal to the Orphans' Court if he refuses.

Petition to the Orphans' Court to revoke letters of administration granted by the register. O. C. Centre Co.

*Spangler & Walker*, for petition; *John G. Love*, contra.

POTTER, P. J., 17th judicial district, specially presiding, Aug. 10, 1925.— This is a petition addressed to the Orphans' Court, asking for the revocation of letters of administration granted by the register of wills in the estate of the above named decedent.

In the disposition of this petition, upon which a rule was duly granted, it is not necessary for us to go into the merits of the controversy, as it is very plain that these proceedings should have been begun before the register, which was not done, and from whose decision an appeal lies to the Orphans' Court.

Section 5 of the Register of Wills Act of June 7, 1917, P. L. 415, provides: "Any register of wills shall have power to revoke letters af administration granted by him whenever it shall be made to appear to him that such letters have been granted to, or on the nomination of, persons who are not the next of kin of the decedent *entitled to administer.* . . ."

This act plainly points out the original jurisdiction in which these proceedings should be begun. And an appeal from the decision of the register lies to the Orphans' Court: Wehry's Estate, 47 Pa. C. C. Reps. 486; Sharpless's Estate, 28 Dist. R. 746.

These expressions are based upon the construction of the Act of June 7, 1917, P. L. 415; but even before the passage of this act, it was held that the register had original jurisdiction of a petition to revoke letters of administration: Dundas's Estate, 15 Dist. R. 90; Sudam's Estate, 3 W. N. C. 305; Farrell's Estate, 1 W. N. C. 15; Potts's Estate, 37 Legal Intell. 182.

We are not attempting to in any way pass upon the merits of the petition or the answer to it. This is, in the first instance, wholly the function of the register. Should an appeal be taken from his disposition of the matter as a probate judge, the Orphans' Court will then have full jurisdiction.

And now, to wit, Aug. 10, 1925, in accordance with our expression herein contained, the rule is discharged and the petition is dismissed.

From Charles P. Ulrich, Selinsgrove, Pa.